IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **CARLA BELUE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **vs.** ) | Civil Action Number |
| ) | **3:12-cv-3461-AKK** |
| **SHANNON OLIVER, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Defendants Franklin County Commission, Sheriff Shannon Oliver, and the Franklin County Sheriff's Department move to dismiss as untimely Plaintiff Carla Belue's complaint for sex and disability discrimination under Title VII of the Civil Rights Act of 1964 and the Americans with Disability Act (ADA).  Doc. 6.  The motions are fully briefed and ripe for review.  *See* docs. 6-7, 12-15.   For the reasons stated more fully below, the Defendants' motions are **GRANTED**.

### I.   STANDARD OF REVIEW

The court construes Defendants' motions to dismiss as motions for summary

judgment.[1]  Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id*. at 323.  The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id*. at 324 (citation and internal quotation marks omitted).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to

---

[1] In their motions, Defendants raise the defense that Plaintiff's claims were statutorily time-barred, and, consequently, the court granted the parties leave to conduct limited discovery on the issue of when the EEOC mailed the right to sue letter and when Plaintiff received it. *See* doc. 16.  In this context, where the court considers evidence outside the pleadings, the court must construe a Rule 12(b) motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); 56.

the non-moving party. *Id*. However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (*per curiam*) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560,1563 (11th Cir. 1989)).

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Belue filed this action against the Franklin County Commission, Sheriff Shannon Oliver, and the Franklin County Sheriff's Department on September 26, 2012, alleging claims of sex and disability discrimination and retaliation pursuant to the ADA and Title VII. Doc. 1. Belue filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 13, 2011. *Id*. at 2, 12. The EEOC issued Belue a right to sue letter on June 6, 2012. Doc. 1 at 13. Belue alleges that she received the right-to-sue 22 days later on June 28, 2012, and that she filed this action exactly 90 days later. *Id*. at 3. Defendants have filed motions to dismiss, arguing, among other things, that Belue's complaint is time barred because Belue missed the 90-day deadline to file suit. Docs. 6, 7.

## III.   ANALYSIS

"It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964." *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999)

(citing 42 U.S.C. § 12117(a)).  In a nutshell, "[u]nder Title VII, in cases where the EEOC does not file suit or obtain a conciliation agreement, the EEOC shall so notify the person aggrieved and within 90 days after the giving of such notice a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved...." *Id*. (quoting 42 U.S.C. § 2000e-5(f)(1)) (internal quotation marks omitted).  However, "[t]he key word in the statute is 'notify' [because] the limitations period begins to run upon notification of the aggrieved party...[and] such notification takes place only when 'notice of the failure to obtain voluntary compliance has been sent and received.'" *Id.* (citing *Franks v. Bowman Transportation Co.,* 495 F.2d 398, 404 (5th Cir.1974)).  In that respect, "statutory notification is complete only upon actual receipt of the suit letter," because "Congress did not intend to condition a claimant's right to sue under Title VII on fortuitous circumstances or events beyond his control which are not spelled out in the statute." *Id*. (quoting *Franks*, 495 F.2d at 404).  When, as here, "the date of receipt is in dispute, this c[ircuit] has applied a presumption of three days for receipt by mail, akin to the time period established in Fed. R. Civ. P. 6(e)." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005) (citing *Zillyette*, 179 F.3d at 1342).

      Turning to the facts here, it is undisputed that Belue filed this lawsuit 112

days after the EEOC mailed the right to sue letter. Doc. 1 at 13. In light of Belue's failure to file her complaint within 90 days of the date the EEOC issued the right-to-sue, Defendants assert that Belue's claims are untimely. The law is clear that "[o]nce a defendant contests the issue of whether the complaint was filed timely, the plaintiffs bear the burden of showing that they have met the requirement." *Kerr*, 427 F.3d at 951 (citation omitted). Belue failed to meet her burden. Specifically, while Belue alleges she received the right to sue letter 22 days after the EEOC mailed it, Belue offers no explanation whatsoever for the extended delivery period. She offers no affidavit from the EEOC – despite a suggestion from the court that she get one[2] – to establish that the EEOC delayed mailing the right-to-sue. Belue failed also to provide the envelope bearing the postmark date, nor does she offer anything from the post office to establish that a delivery period of 22 days from Birmingham to Red Bay, Alabama, where she lives, is standard. Instead, Belue asserts simply that her statement in her complaint that she received the letter 22 days later is sufficient to create a factual dispute that precludes summary judgment. The court disagrees because to allow Belue to

---

[2]The courts order stated: "Since it is theoretically possible that the EEOC waited 20 plus days to mail the right-to-sue letter to Plaintiff, the court concludes that limited discovery on this issue is necessary. Therefore, the parties are granted leave to conduct discovery on the issue of when the EEOC mailed the right-to-sue letter and/or when Plaintiff received it." Doc. 16 at 2.

create an issue of fact simply based on unsubstantiated assertions would result in Belue being able to manipulate filing deadlines.  As this Circuit has repeatedly admonished, "[t]here is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless." *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242 (11th Cir. 1982).

   Moreover, Belue's contention is contrary to the evidence before this court. Specifically, Defendants provided evidence that they received the right to sue notice and acknowledged the receipt on June 11, 2012, shortly after the EEOC mailed it.  *See* doc. 19-3 (Defendants' counsel letter to Ginger Conway of Meadowbrook Insurance Group on June 11, 2012, stating, "Please find enclosed a copy of the EEOC Dismissal and Notice of Rights that has been sent to Carla Belue.  The EEOC has dismissed the charge, and Ms. Belue now has ninety (90) days in which to file suit under Title VII.").  As this Circuit has noted, "the normal practice of the EEOC is to send out RTS [right to sue] letters to the charging party and the respondent at the same time." *Kerr*, 427 F.3d at 950.  To the extent that the EEOC deviated from this standard practice in her case, Belue failed to provide any such evidence.  Again, the court granted the parties leave to conduct discovery, in part, to allow the parties an opportunity to obtain discovery from the EEOC.  *See* doc. 16 at 2.  Belue failed to do so and has opted instead to rely solely

on the unsubstantiated contentions in her complaint. Unfortunately for Belue, unsubstantiated allegations are insufficient to defeat a motion for summary judgment. *See First National Bank v. Cities Service*, 391 U.S. 253, 289 (1968) ("What Rule 56(e) does make clear is that a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him.").

In the final analysis, adopting Belue's unsubstantiated contention would contravene the three-day presumption of receipt this Circuit follows. *See Kerr*, 427 F.3d at 953 n.9. Because Belue failed to establish that the EEOC delayed mailing the right to sue letter issued on June 6, 2012, and offered no explanation for why the post office purportedly delivered her letter in an untimely manner, the court applies the three-day mail rule and finds that Belue had 90 days after June 9, 2012 to file her action. Consequently, Belue's complaint, which she filed September 26, 2012, was 19 days past the statutory 90-day period under Title VII. As such, Belue's complaint is time-barred.

### IV. CONCLUSION

In short, Belue's complaint is untimely, and, as a result, the court **GRANTS** the Defendants' motions to dismiss, doc. 6 and 7, and Belue's complaint is hereby

**DISMISSED.**[3]   The court will enter a separate Order, consistent with this Memorandum Opinion, dismissing this action.

Done this 28th day of February, 2013.

                         _____
                         **ABDUL K. KALLON**
                         UNITED STATES DISTRICT JUDGE

---

[3] The court finds Belue's motion for leave to amend her complaint **MOOT** since the proposed amendment was not related to the timeliness of the filing of this complaint. *See* doc. 11.